UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TROUP LONDON MUSIC, DUBOSE & DOROTHY HEYWARD MEMORIAL FUND PUBLISHING, GEORGE GERSHWIN MUSIC, IRA GERSHWIN MUSIC, ALMO MUSIC CORPORATION and JOBETE MUSIC CO., INC., Plaintiffs | ) | C.A. No. 06-530S |
| vs. | ) | |
| MALRY, L.P. and LARRY A. FRIEDLANDER, Defendants | ) | |

**PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT**

Pursuant to this Court's notice of January 19, 2007, plaintiffs submit the following statement enumerating the elements that they must prove to sustain their claims against defendants.

**BACKGROUND**

Plaintiffs are the owners of copyrights in certain musical compositions and are members of the American Society of Composers, Authors and Publishers ("ASCAP"), a performing rights licensing organization. ASCAP has an obligation to its members to monitor and enforce their copyrights. In discharging that obligation, ASCAP attempts to license bars, restaurants, nightclubs, concert promoters and other businesses that provide musical entertainment for their patrons. Such licenses enable businesses to perform copyrighted musical compositions lawfully. When the operators of an establishment refuse to obtain an ASCAP license, ASCAP may engage an independent investigator to visit the establishment and make note of all the songs being performed that the investigator can recognize. If ASCAP's members

own the copyrights to some of those songs, ASCAP may then institute an action for copyright infringement in the name of the members, against the owners of the establishment.

Defendant Malry L.P. is a Rhode Island limited partnership that owns and operates a business establishment known as Hi-Hat@Davol Square, located at 3 Davol Square, Providence, Rhode Island (hereinafter "Hi-Hat"). On information and belief, defendant Larry A. Friedlander was the general partner of Malry L.P. during the time it infringed on plaintiffs' copyrights.

On March 3, 2005, ASCAP licensing representatives sent a letter to defendants concerning the use of music in the ASCAP repertory at Hi-Hat. That letter was accompanied by a number of enclosures, including the applicable ASCAP license agreement for the annual term commencing January 1, 2005. There followed numerous letters and telephone calls, all in an effort to inform the defendants of their obligations under copyright law, to offer an ASCAP license for Hi-Hat, and to warn of the consequences of continuing to perform ASCAP music at Hi-Hat without a license.

After a year and a half of unsuccessful efforts to persuade the defendants to obtain a license, ASCAP engaged an independent investigator to go to Hi-Hat and prepare a detailed report of songs he heard performed and could recognize. On June 29, 2006 and August 17, 2006, the investigator documented that the four copyrighted songs at issue in this case were publicly performed by means of a sound system and a live band without permission and in violation of federal copyright laws.

**<u>ELEMENTS OF COPYRIGHT INFRINGEMENT CLAIIMS</u>**

Defendants are liable to plaintiffs for copyright infringement. The Copyright Act, 17 U.S.C. §§101 et seq. (the "Act"), gives a copyright owner the exclusive right to perform its

copyrighted song publicly, 17 U.S.C. §106(4), and those who publicly perform a song without permission from the copyright owner thereby infringe on the copyright. Id., §501(a). Liability extends to those who own or control the premises, have the right and ability to supervise those responsible for the infringing conduct, and derive direct financial benefit from the infringing performances on those premises. See, e.g., Fonovisa Inc. v. Cherry Auction, Inc., 76 F.3d 239 (9th Cir. 1996); Broadcast Music, Inc., v. Blueberry Hill Family Restaurants, Inc., 899 F. Supp 474, 480-81 (D. Nev. 1995); Swallow Turn Music v. Wilson, 831 F. Supp 575, 578-79 (E.D. Tex 1993); Milene Music, Inc. v. Gotauco, 551 F. Supp 1288, 1295 (D.R.I. 1982).

To prevail on their claims, plaintiffs will show (i) the creation and originality of the compositions involved; (ii) compliance with all formalities required to secure a copyright; (iii) plaintiffs' proprietary right in and to the copyrights at issue; (iv) public performance of the songs for profit at Hi-Hat@Davol Square; and (v) that defendants did not have permission from plaintiffs for such performances. Milene Music, Inc. v. Gotauco, 551 F. Supp 1288, 1292 (D.R.I. 1982). An infringement is considered "willful" if the defendant had "knowledge that its actions constitute an infringement." Universal City Studios Productions LLLP v. Bigwood, 441 F.Supp.2d 185, 191 (D.Me. 2006) citing N.A.S. Import, Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252 (2d Cir.1992). "Knowledge does not need to be proven directly but can be inferred from the defendant's conduct." Id.

Under the Act, plaintiffs are entitled to damages, injunctive relief, and costs, and may also be awarded attorneys' fees. Id. at 1295-1296.

/s/ Catherine A. Shaghalian
Benjamin V. White, No. 1652
Catherine A. Shaghalian, No. 6883
VETTER & WHITE
Attorneys for Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: February 13, 2007

CERTIFICATE OF SERVICE

To:

Stephen M. Litwin, Esq.
One Ship Street
Providence, RI 02903

I hereby certify that I electronically filed this Plaintiffs' Pretrial Conference Statement on February 13, 2007. The statement is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Catherine A. Shaghalian